1

2

3

4

5

6

7

**FILED**

MAY 1 6 2008

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

8                UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,          )     Case No. 08CR1262IEG
                                       )     Mag. No. 08MJ8282
12        Plaintiff,                   )
                                       )
13  v.                                 )     DEPOSITION   ORDER   FOR
                                       )     MATERIAL WITNESSES
14  VALADEZ-MARTINEZ,                  )
                                       )     ~~ROGELIO     CERVANTES-~~
15                                     )     ~~SANCHEZ~~
                                       )     JOSE   GUADALUPE   LOPEZ-
16        Defendants.                  )     GUERRERO
    _____        )     ~~JOSE    CRUZ    RAMIREZ-~~
17                                           ~~CASTORENA~~

18        Upon request of material witness(~~es~~)(hereinafter "material

19  witness(~~es~~)" or "the witness(~~es~~)", ~~ROGELIO CERVANTES-SANCHEZ~~, JOSE

20  GUADALUPE LOPEZ-GUERRERO, ~~and JOSE CRUZ RAMIREZ-CASTORENA~~ and ~~their~~ his

21  counsel JONATHAN DAVID FRANK, and good cause appearing:

22        1.   The material witnesses being held in custody in case

23  number   08CR1262IEG   shall   be   deposed   on   June 9, 2008,   at

24  ~~10~~ 2:pm ~~a.m./p.m.~~  The depositions will take place in the office of

25  the United States Attorney located at 880 Front Street, Fifth

26  Floor, San Diego, California.

27        2.   All   parties,   meaning   the   United   States   and   the

28  defendant(s) shall attend the material witness deposition. The

1   arresting  agency  shall  bring  the  material  witnesses  to  the
2   deposition.    If,  in  custody,  the  defendant  shall  be  brought
3   separately  to  the  deposition  and  a  marshal  shall  remain  present
4   during the proceeding.

5       3.    The  United  States  Attorney's  Office  shall  provide  a
6   videotape operator ("operator") and, if necessary, arrange for a
7   court-certified  interpreter  to  be  present  for  the  material
8   witness(es).    The  cost  of  the  interpreter  for  the  material
9   witness(es) shall be borne by the United States Attorney's Office.

10      4.    If the defendant(s) needs an interpreter other than the
11  interpreter  for  the  material  witness(es)  (if  any),  then  defense
12  counsel  shall  arrange  for  a  court-certified  interpreter  to  be
13  present. The costs of a separate interpreter for the defendant(s)
14  shall be paid by the Court.

15      5.    The United States Attorney's Office shall arrange for a
16  certified court reporter to be present.    The court reporter shall
17  stenographically  record  the  testimony,  serve  as  a  notary  and
18  preside  at  the  depositions  in  accordance  with  Rule  28(a)  of  the
19  Federal Rules of Civil Procedure.    The cost of the court reporter
20  shall be borne by the United States Attorney's Office.

21      6.    The deposition shall be recorded by videotape, meaning a
22  magnetic tape that records sound as well as visual images.    At the
23  conclusion  of  the  deposition,  on  the  record,  the  witness(es)  or  a
24  party may elect to have the witness(es) review the videotape record
25  of the deposition to check for errors or omissions and to note any
26  changes.    Any  errors,  omissions  or  changes,  and  the  reasons  for
27  making them, shall be stated in writing, signed by the witness(es),
28  delivered to the notary in a sealed envelope and filed in the same

1  fashion as described in Paragraph 17 below, unless the parties

2  agree on the record to a different procedure.

3      7.   The operator shall select and supply all equipment

4  required to videotape the deposition and shall determine all

5  matters of staging and technique, such as number and placement of

6  cameras and microphones, lighting, camera angle, and background.

7  The operator shall determine these matters in a manner that

8  accurately reproduces the appearance of the witness(es) and assures

9  clear reproduction of both the witness(es)' testimony and the

10 statements of counsel.   The witness(es), or any party to the

11 action, may object on the record to the manner in which the

12 operator handles any of these matters.   Any objections shall be

13 considered by the Court in ruling on the admissibility of the

14 videotape record.   All such objections shall be deemed waived

15 unless made promptly after the objector knows, or has reasonable

16 grounds to know, of the basis of such objections.

17      8.   The deposition shall be recorded in a fair, impartial and

18 objective manner.  The videotape equipment shall be focused on the

19 witness(es);  however,  the  operator  may,  when  necessary  or

20 appropriate,  focus  upon  charts,  photographs,  exhibits  or  like

21 material being shown to the witness(es).

22      9.   Before  examination  of  the  witness(es)  begins,  the

23 Assistant U. S. Attorney shall state on the record his/her name;

24 the  date,  time  and  place  of  the  deposition;  the  name  of  the

25 witness(es);   the  identity  of  the  parties  and  the  names  of  all

26 persons present in the deposition room.  The court reporter shall

27 then swear the witness(es) on the record.  Prior to any counsel

28 beginning an examination of the witness(es), that counsel shall

3

1  the Material Witness(es) and submit the Order to the Clerk of the
2  Court for the Judge's signature.  Prior to release from custody the
3  attorney for the Government shall serve the material witness(es)
4  with a subpoena for the trial date and a travel fund advance
5  letter.

6      15.  The operator shall provide a copy of the videotaped
7  deposition to any party who requests a copy at that party's
8  expense.  After preparing the requested copies, if any, the
9  operator shall deliver the original videotape to the notary along
10  with a certificate signed by the operator attesting that the
11  videotape is an accurate and complete record of the videotaped
12  deposition.  The operator shall then deliver the videotape to the
13  notary along with a certificate signed by the operator attesting
14  that it is an accurate and complete recording of the deposition.
15  The notary shall file the original tape and certification with the
16  Clerk of Court in a sealed envelope marked with the caption of the
17  case, the name of the witness(es) and the date of the deposition.

18      16.  The notary shall file with the Clerk of Court in a sealed
19  envelope the original videotape, along with any exhibits offered
20  during the deposition.  The sealed envelope shall be marked with
21  the caption of the case, the name of the witness(es), and the date
22  of the deposition.  To that envelope, the notary shall attach the
23  certificate of the operator.  If all counsel stipulate on the
24  record, the Government may maintain the original videotape until
25  production is ordered by the Court or requested by any party.

26      17.  Unless waived by the parties, the notary shall give
27  notice to all parties of the filing of the videotaped deposition
28  with the Court pursuant to Federal Rule of Civil Procedure

1  30(f)(3).

2      18.  If any party objects on the record to the release of the
3  material witness(es) from custody, the objecting party must request
4  in writing a hearing on the issue before the federal judge who is
5  assigned the case or to such other district judge or magistrate
6  judge as they designate.  Notice of the Request for Hearing must be
7  served on all parties and filed with the Clerk of Court within
8  twenty-four (24) hours after the completion of the deposition, with
9  a courtesy copy to chambers.   The Court will set a briefing
10 schedule, if appropriate, and a date and time for the objection to
11 be heard as soon as reasonably practicable.  At the hearing, the
12 objecting party must establish to the Court's satisfaction an
13 appropriate legal basis for the material witness(es) to remain in
14 custody.  If, after the hearing, the Court orders the release of
15 the material witness(es), the material witness(es) attorney shall
16 immediately present the release order to the Court for signature
17 and filing.   Before release of the material witness(es) from
18 custody, the Government shall serve the material witness(es) with
19 a subpoena for the trial date and a travel fund advance letter.

20     **IT IS SO ORDERED.**

21

22 Dated:

23

24                                _____
                                 UNITED STATES MAGISTRATE JUDGE/JUDGE
25

26

27

28

6